IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:14-CV-283-D

| | | |
|---|---|---|
| JACK E. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

In this action, plaintiff Jack E. Brown ("plaintiff" or, in context, "claimant") challenges the final decision of defendant Acting Commissioner of Social Security Carolyn W. Colvin ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") on the grounds that he is not disabled.[1] The case is before the court on the respective parties' motions for judgment on the pleadings. (D.E. 15, 17). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* D.E. 19). For the reasons set forth below, it will be recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and this case be remanded.

---

[1] The statutes and regulations applicable to disability determinations for DIB and SSI are in most respects the same. The provisions relating to DIB are found in 42 U.S.C. subch. II, §§ 401, *et seq.* and 20 C.F.R. pt. 404, and those relating to SSI in 42 U.S.C. subch. XVI, §§ 1381, *et seq.* and 20 C.F.R. pt. 416.

I.   BACKGROUND

   A.   Case History

Plaintiff filed an application for DIB and SSI on 24 October 2011, alleging a disability onset date of 13 October 2010. Transcript of Proceedings ("Tr.") 22. The applications were denied initially and upon reconsideration, and a request for hearing was timely filed. Tr. 22. On 5 September 2013, a hearing was held before an Administrative Law Judge ("ALJ"), at which plaintiff was the only witness. Tr. 22, 32-52. The ALJ issued a decision denying plaintiff's claim on 25 October 2013. Tr. 22-28. Plaintiff timely requested review by the Appeals Council. Tr. 18. Plaintiff's request was denied on 6 October 2014. Tr. 8. On 31 October 2014, the Appeals Council set aside this denial in order to consider additional evidence submitted by plaintiff (Tr. 12-17), but after considering the evidence, again denied review. Tr. 1-2. Notably, the Appeals Council did not formally incorporate the additional evidence into the record, although, as indicated, a copy of the additional evidence is included in the transcript of proceedings. *See* Tr. 6 (making only plaintiff's attorney's correspondence part of the record). At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481. Plaintiff commenced this proceeding for judicial review on 5 December 2014, pursuant to 42 U.S.C. §§ 405(g) (DIB) and 1383(c)(3) (SSI). (*See In Forma Pauperis* Mot. (D.E. 1); Order Allowing Mot. (D.E. 5); Compl. (D.E. 6)).

   B.   Standards for Disability

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 42

U.S.C. § 1382c(a)(3)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A); *see* 42 U.S.C. § 1382c(a)(3)(B). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [§ 404.1509 for DIB and § 416.909 for SSI], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings ["Listings"] in [20 C.F.R. pt. 404, subpt. P, app. 1] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1523, 416.923. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

### C. Findings of the ALJ

Plaintiff was 52 years old on the alleged onset date of disability and 55 years old on the date of the hearing. *See* Tr. 27 ¶ 7. As the ALJ noted, plaintiff thereby moved from the closely approaching age category to the advanced age category. Tr. 27 ¶ 7; *see* 20 C.F.R. §§ 404.1563(d), (e) (defining the various age categories), 416.963(d), (e) (same). Plaintiff has at least a high school education. Tr. 27 ¶ 8; *see also* Tr. 26 ¶ 5 (reciting plaintiff's testimony at Tr. 35 that he completed two years of college without receiving a degree). Plaintiff has past relevant work as an "operator"[2] and logger. Tr. 27 ¶ 6.

Applying the five-step analysis of 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. Tr. 24 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairment that was severe within the meaning of the Regulations: degenerative disc disease. Tr. 24 ¶ 3. At step three, the ALJ found that plaintiff

---

[2] Although the ALJ did not specify the type of operator he found plaintiff to be, the record suggests that he was referring to plaintiff's work as a logging tractor operator. *See* Tr. 61, 71, 206.

did not have an impairment or combination of impairments that meets or medically equals any of the Listings. Tr. 24 ¶ 4.

The ALJ next determined that plaintiff had the RFC to perform the full range of medium work. Tr. 25 ¶ 5. Medium work involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.927(c).[3] At step four, the ALJ found that plaintiff was unable to perform his past relevant work as an operator and logger because the requirements of these jobs exceed plaintiff's RFC. Tr. 27 ¶ 6. At step five, the ALJ concluded that based on plaintiff's RFC for the full range of medium work, age, education, and work experience, a finding of "not disabled" was directed by Medical-Vocational Rules 203.22, applicable to claimants of closely approaching advanced age, and Rule 203.15, applicable to claimants of advanced age. Tr. 28 ¶ 10. The ALJ therefore concluded that plaintiff was not disabled from the alleged onset date, 13 October 2010, through the date of his decision, 25 October 2013. Tr. 28 ¶ 11.

## II. STANDARD OF REVIEW

Under 42 U.S.C. §§ 405(g) and 1383(c)(3), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v.*

---

[3] *See also* Dictionary of Occupational Titles (U.S. Dep't of Labor 4th ed. rev. 1991) (" DOT"), app. C § IV def. of "Medium Work," http://www.oalj.dol.gov/libdot htm (last visited 27 Oct. 2015). "Medium work" and the other terms for exertional level as used in the Regulations have the same meaning as in the DOT. *See* 20 C.F.R. §§ 404.1567, 416.927.

*Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla of evidence, but somewhat less than a preponderance.  *Id*.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence.  *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam).  In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979).  A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion.  *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence.  *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).  "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."  *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### III.    OVERVIEW OF PLAINTIFF'S CONTENTIONS

Plaintiff contends that the ALJ's decision should be reversed and benefits awarded or, alternatively, that the case should be remanded for a new hearing on the grounds that:  (1) the ALJ failed to properly assess the medical opinion evidence; (2) the ALJ failed to provide a narrative assessment of contested functions in accordance with Soc. Sec. Ruling 96-8p, 1996 WL 374184 (2 July 1996); and (3) the evidence submitted to, but not formally incorporated into the

administrative record by, the Appeals Council further demonstrates that the ALJ's decision is not supported by substantial evidence. Because the court finds the first and third issues dispositive of this appeal, it addresses only those issues below.

## IV.     ALJ'S EVALUATION OF MEDICAL OPINION EVIDENCE

### A.     Applicable Legal Standards

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). An ALJ must consider all medical opinions in a case in determining whether a claimant is disabled. *See id.* §§ 404.1527(b), 416.927(b); *Nicholson v. Comm'r of Soc. Sec. Admin.*, 600 F. Supp. 2d 740, 752 (N.D.W. Va. 2009) ("Pursuant to 20 C.F.R. §§ 404.1527(b), 416.927(b), an ALJ must consider all medical opinions when determining the disability status of a claimant."). The Regulations provide that opinions of treating physicians and psychologists on the nature and severity of impairments are to be accorded controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Craig*, 76 F.3d at 590; *Ward v. Chater*, 924 F. Supp. 53, 55-56 (W.D. Va. 1996); Soc. Sec. Ruling 96-2p, 1996 WL 374188, at *2 (2 July 1996). Otherwise, the opinions are to be given significantly less weight. *Craig*, 76 F.3d at 590.

Opinions from medical sources on the ultimate issue of disability and other issues reserved to the Commissioner are not entitled to any special weight based on their source. *See*

20 C.F.R. §§ 404.1527(d), 416.927(d); Soc. Sec. R. 96-5p, 1996 WL 374183, at *2, 5 (2 July 1996). But these opinions must still be evaluated and accorded appropriate weight. *See id*. at *3.

The ALJ's "decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Ruling 96-2p, 1996 WL 374188, at *5; *see also* 20 C.F.R. §§ 404.1527()(2), 416.927(c)(2); *Ashmore v. Colvin*, No. 0:11-2865-TMC, 2013 WL 837643, at *2 (D.S.C. 6 Mar. 2013) ("In doing so [*i.e.*, giving less weight to the opinion of a treating physician], the ALJ must explain what weight is given to a treating physician's opinion and give specific reasons for his decision to discount the opinion.").

**B.     Analysis**

Plaintiff contends that the ALJ erred with respect to the medical opinions of two consulting examining physicians, Ayman Gebrail, M.D., who examined plaintiff on 17 November 2011 (*see* Tr. 247-49), and Darlene H. Pressley, M.D., who examined plaintiff on 3 May 2011 (*see* Tr. 241-44). The court agrees.

In his report, Dr. Gebrail expressed, among other opinions, the opinion that "based on the patient's subjective complaint, he will have difficulty with heaving lifting, twisting, pushing, [and] pulling related to his back pain." Tr. 249. While the ALJ summarized the report by Dr. Gebrail, he did not mention this opinion, or state or explain the weight he gave it or the other opinions expressed by Dr. Gebrail. *See* Tr. 26 ¶ 5 (summary of Dr. Gebrail's report), 27 ¶ 5 (omission of Dr. Gebrail's opinions from discussion of opinion evidence). It is not the court's role to fill the void left by the ALJ with its own speculation as to his assessment. *See*, *e.g.*,

*Pushkal v. Colvin*, No. 5:12–CV–223–FL, 2013 WL 4828560, at *7 (E.D.N.C.), *mem. and recomm. adopted by*, 2013 WL 4828560, at *1 (10 Sept. 2013).

In her report, Dr. Pressley opined, as accurately summarized by the ALJ, as follows:

> The doctor concluded that the claimant would have difficulty with a very strenuous job for prolonged amounts of time. He would be expected to have trouble with repeated stooping, kneeling, squatting, crawling, and overhead lifting. Sedentary activity was recommended (Exhibit 3F).

Tr. 26 ¶ 5 (referring to Tr. 244).

The ALJ gave little weight to Dr. Pressley's opinions. He stated: "Little weight is given to the opinion[s] of Dr. Pressley to the extent she concluded claimant should be limited to sedentary work as this is not consistent with her finding that claimant would have difficulty with a very strenuous job." Tr. 27 ¶ 5.

On its face, the rationale given by the ALJ for rejecting Dr. Pressley's opinions is baseless. Limitation to sedentary work is not inconsistent with difficulty performing a very strenuous job. The reference to "very strenuous work" is arguably explicable by plaintiff's background as a logger, which Dr. Pressley discusses in her report. *See* Tr. 241, 242.

Although not discussed by plaintiff, there is another deficiency in the ALJ's handling of medical opinion evidence. He stated, "As for the opinion evidence, I give significant weight to the opinion of the state agency medical consultant who concluded that the claimant is capable of performing medium work." Tr. 27 ¶ 5 (referring to Tr. 81 and 91). The problem is that the ALJ provided no explanation for this assessment. The court could certainly speculate as to the ALJ's reasoning, but, again, this is not its role.

These deficiencies in the ALJ's assessment of the medical opinion evidence are not harmless. They frustrate meaningful review of the ALJ's decision. Moreover, the consulting examining physicians' reports tend to undermine the ALJ's determination that plaintiff can

perform a full range of medium work. Both Dr. Gebrail and Dr. Pressley opined that plaintiff would have difficulty engaging in bending and related postural activities. "The considerable lifting required for the full range of medium work usually requires frequent bending-stooping." Soc. Sec. Ruling 83-10, 1983 WL 31251, at *6 (1983). Moreover, as noted, Dr. Pressley expressly recommended only sedentary work for plaintiff. Other evidence of record suggesting that plaintiff may lack the RFC to perform a full range of medium work and his prior work includes progress notes from the Bladen County Free Clinic documenting plaintiff's reports that he suffered from dizzy spells, fatigue, and peripheral neuropathy; underlying diagnoses for hypertension, diabetes, and other conditions; and related treatment provided. *See* Tr. 252-59. Plaintiff also testified to many of these impairments and the limitations they imposed on him. *See* Tr., *e.g.*, 37-40.

The ALJ's errors regarding medical opinion evidence accordingly require remand of this case. The remand would be pursuant to sentence four of 42 U.S.C. § 405(g).

V.     **ADDITIONAL EVIDENCE CONSIDERED BY THE APPEALS COUNCIL**

As noted, in its 31 October 2014 decision, the Appeals Council stated that it considered additional evidence submitted to it by plaintiff that was not before the ALJ, but did not formally incorporate the additional evidence into the record, although it is included in the transcript of proceedings. The additional evidence the Appeals Council considered was: (1) a decision by the North Carolina Department of Health and Human Services dated 30 June 2014 finding plaintiff disabled for purposes of Medicaid benefits ("Medicaid decision") (Tr. 12-13) and (2) a physical RFC medical source statement by a certified nurse practitioner, apparently one who had been treating plaintiff at the Bladen County Free Clinic,[4] dated 19 February 2014 ("medical source

---

[4] Although the name of the nurse practitioner is not printed out, his or her signature appears to be the same as that on multiple progress notes from the Bladen County Free Clinic. *See* Tr. 252, 254, 257, 258.

statement") (Tr. 14-17). Plaintiff does not challenge the Appeals Council's decision not to formally incorporate these documents into the record. Rather, he contends that when the additional evidence is considered with the evidence that was before the ALJ, the record lacks substantial evidence to support the ALJ's decision. *See Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (holding that where Appeals Council incorporates additional evidence into the administrative record before denying a claimant's request for review, the court must "review the record as a whole, including the [additional] evidence, in order to determine whether substantial evidence supports the [ALJ's] findings").

    A.        Analysis under Sentence Six of 42 U.S.C. § 405(g)

"Reviewing courts are restricted to the administrative record in performing their limited function of determining whether the [ALJ's] decision is supported by substantial evidence." *See*, *e.g.*, *Huckabee v. Richardson*, 468 F.2d 1380, 1381 (4th Cir. 1972). To the extent that the lack of formal incorporation of the additional evidence into the record signifies that it remains outside the record, notwithstanding its inclusion in the transcript of proceedings, this evidence is appropriately treated as having been submitted for the first time to this court and therefore as being subject to sentence six of 42 U.S.C. § 405(g) ("sentence six"). Sentence six provides for remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see Stanley v. Colvin*, No. 7:12-CV-134-FL*,* 2013 WL 2447850, at *7 (E.D.N.C. 5 Jun. 2013); *Edwards v. Astrue*, No. 7:07CV48, 2008 WL 474128, at *8 (W.D. Va. 20 Feb. 2008). There are accordingly three distinct requirements under sentence six.

First, the evidence must be new. "Evidence is deemed new if it is not duplicative or cumulative of evidence already in the record." *Wilkins*, 953 F.2d at 96; *Stanley*, 2013 WL

2447850, at *7. Second, the evidence must be material. Evidence is material if there is a reasonable possibility that it would have changed the outcome. *Wilkins*, 953 F.2d at 96. Third, there must be good cause for failing to submit the evidence earlier. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985). The burden of showing that the requirements of sentence six are met rests with the claimant. *See Fagg v. Chater*, No. 95-2097, 1997 WL 39146, at *2 (4th Cir. 3 Feb. 1997); *Keith v. Astrue*, No. 4:11CV0037, 2012 WL 2425658, at *2 (W.D. Va. 22 Jun. 2012) ("The burden of demonstrating that all of the Sentence Six requirements have been met rests with the plaintiff."), *rep. and recomm. adopted by* 2012 WL 4458649 (9 Aug. 2012).

Application of the test for remand under sentence six to the Medicaid decision and medical source statement shows that the requirements for remand are met. As to the new nature of this additional evidence, it did not, of course, exist until after the ALJ issued his decision and the Appeals Council did not formally incorporate it into the record. There is no other decision finding plaintiff to be disabled, nor any other medical source statement by an examining provider. The Medicaid decision and medical source statement are therefore neither cumulative nor duplicative.[5]

---

[5] The court recognizes that there are decisions holding that subsequent disability determinations, as opposed to the evidence underlying them, do not constitute "new evidence" within the meaning of sentence six. *See, e.g., Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 654 (6th Cir. 2009). But the Fourth Circuit has held that "SSA directives have explained that the SSA is required to consider all record evidence relevant to a disability determination, including decisions by other agencies" and that "under the principles governing SSA disability determinations, another agency's disability determination cannot be ignored and must be considered." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012) (internal quotation marks omitted); *see also Bryant v. Astrue,* No. 7:11-CV-54-D, 2012 WL 896147, at *2 (E.D.N.C. 15 Mar. 2012) ("The Fourth Circuit has not yet determined whether a subsequent benefit award, by itself, may justify remand pursuant to 42 U.S.C. § 405(g). However, this court and others in this circuit have found remand appropriate on materially indistinguishable facts.").

Language in the per curiam decision by the Fourth Circuit in *Baker v. Comm'r of Soc. Sec.*, No. 12-1709, 2013 WL 1866936, at *1 n.* (4th Cir. 6 May 2013) does not dictate a contrary result. A footnote in that decision, a one-paragraph summary affirmance of a district court's ruling upholding a denial of supplemental security income and disability insurance benefits, quotes and relies on the principle from *Allen* that "'[a] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g).'" *Baker*, 2013 WL 1866936, at *1 n.* (quoting *Allen*, 561 F.2d at 653). The court declines to follow *Baker* because it is unreported and therefore not binding precedent (as expressly noted in *Baker* itself, 2013 WL 1866936, at *1); it does not address *Bird*; and it is factually distinguishable in that the plaintiff there

The court further finds that this additional evidence is material. As to the Medicaid decision, the gap between the period of disability covered by it (effective 1 November 2013) and the period covered by the ALJ's decision (ending 25 October 2013) is only seven days. Remand has been found by this court to be warranted when there is little or no intervening gap between a denial of disability and a finding of disability. *See Smith v. Astrue*, No. 5:10-CV-219-FL, 2011 WL 3905509, at *3 (E.D.N.C. 2 Sept. 2011) ("The finding of disability commencing only four days after the denial of disability is new and material evidence, and . . . calls into question whether all material evidence was considered in the former determination."); *see also Pulley v. Colvin*, No. 4:11-CV-85-FL, 2013 WL 2356124, at *4 (E.D.N.C. 29 May 2013) ("This court in prior decisions has remanded on the same basis presented here, where the [SSA] finds the claimant disabled in a period commencing within the same month after the first ALJ's denial of disability." (citing *Brunson v. Colvin*, No. 5:11-CV-591-FL, 2013 WL 1332498, at *2-3 (E.D.N.C. 29 Mar. 2013))); *Kirkpatrick v. Colvin,* No. 5:12-CV-263-D, 2013 WL 1881315, at *2 (E.D.N.C. 6 May 2013); *Outlaw*, 2013 WL 1309372, at *2-3 ("[A] subsequent decision finding disability commencing one day after the prior denial of disability calls into question whether all relevant impairments properly were considered in the prior determination."); *Laney v. Astrue*, No. 7:10-CV-174-FL, 2011 WL 6046312, at *2 (E.D.N.C. 5 Dec. 2011).

Moreover, the effective date of the Medicaid decision is apparently the earliest date possible based on plaintiff's application date of 19 February 2014—that is, the effective date is the third month before the month of application. *See* Tr. 13 (referencing 42 C.F.R. § 435.915).[6]

---

did not, like here, as discussed below, meet the "burden of showing that evidence relied upon in reaching the favorable decision pertains to the period under consideration in this appeal," *id.* at *1 n.*

[6] The Medicaid decision miscites the regulation as § 435.914, but it is apparent from the context that the intended provision is § 435.915.

Thus, the Medicaid decision does not signify that plaintiff was not disabled before 1 November 2013.

In addition, the evidence underlying the Medicaid decision substantially overlaps that underlying the ALJ's decision. Such evidence apparently includes the report of Dr. Pressley (*see* Tr. 12 (discussing "an April 2011 medical consultative examination")), the report of Dr. Gebrail (Tr. 12 (discussing a "November 2011 medical consultative examination[]")), and progress notes from the Bladen County Free Clinic (*see* Tr. 12 (discussing examinations of plaintiff on June 2012, October 2012, and July 2013, which correspond to progress notes at Tr. 254, 257, and 252)). The conditions at issue therefore also overlap.

Further, the Medicaid decision is based on the Social Security regulations, just as, of course, the ALJ's decision is. The Medicaid decision held that plaintiff met the requirements of Medical-Vocational Rule 202.06, which directs a finding of disabled. Tr. 13.

As to the medical source statement, contrary to the determination of the Appeals Council, the medical source statement itself indicates that it relates to the period subject to the ALJ's decision. The "Yes" box was checked in response to the question: "Have your patient's impairments, symptoms and limitations lasted since October 2010 the date your patient claims he/she could no longer work?" Tr. 14 ¶ 8. The period covered by the ALJ's decision was, of course, 13 October 2010 through 25 October 2013. The medical source statement found plaintiff to be substantially more limited than the ALJ's decision. For example, it found that plaintiff was able to lift only 5 pounds occasionally and to stand or walk only about 2 hours in an 8-hour workday; required 15-minute rest breaks every hour to hour and a half; could not climb on ladders, scaffolds, or ropes; and needed to avoid temperature extremes. Tr. 14 ¶ 9; Tr. 15 ¶¶ 11.j, k; Tr. 16 ¶¶ 11.k, p, 15.

Lastly, as to the third requirement, plaintiff has shown good cause as to why the Medicaid decision and medical source statement were not incorporated into the record in the proceedings before the ALJ or the Appeals Council. As noted, neither of these records existed until after the ALJ's decision, and both were submitted to the Appeals Council, which declined to accept them into the record. Tr. 2, 6. Thus, remand is required under sentence six to the extent that it applies to the Medicaid decision and medical source statement.

### B. Analysis under *Wilkins*

Remand is also warranted if the Medicaid decision and medical source statement are deemed to have become part of the record by virtue of the Appeals Council's consideration of them, even if not formally incorporated into the record. As noted, *Wilkins* requires remand if, considering the record as supplemented by the additional evidence, the court cannot say that the ALJ's decision is supported by substantial evidence. *See Wilkins*, 953 F.2d at 96. Such a remand is pursuant to sentence four of 42 U.S.C. § 405(g). Based on the considerations previously discussed with respect to the materiality of the Medicaid decision and medical source statement, the court is precluded from finding that the ALJ's decision is supported by substantial evidence in the absence of a proper evaluation of the weight due this additional evidence, which could alter the outcome of this case. Therefore, remand would be required for consideration of the additional evidence if it were deemed subject to *Wilkins*.

### C. Summary

In sum, remand is warranted for consideration of the Medicaid decision and the medical source statement whether they are evaluated under sentence six or *Wilkins*. Because remand is warranted under both standards, the court need not determine definitively which one controls. The issue of whether the remand should be under sentence six or sentence four of 42 U.S.C. §

405(g) is effectively mooted because the deficiencies regarding the medical opinion evidence provide an independent ground for remand under sentence four. On remand, the Commissioner should consider all the relevant evidence pursuant to sentence four, including the Medicaid decision and medical source statement. *See Bunn v. Comm'r of Soc. Sec.*, 2014 WL 644718, at *9 (M.D. Fla. 19 Feb. 2014) (citing *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir.1983)).

## VI. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 15) for judgment on the pleadings be ALLOWED, the Commissioner's motion (D.E. 17) for judgment on the pleadings be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation.

In making this ruling, the court expresses no opinion on the weight that should be accorded any piece of evidence. That is a matter for the Commissioner to decide.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until 10 November 2015 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after the filing of objections.

This 27th day of October 2015.

_____
James E. Gates
United States Magistrate Judge